IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF RANDY L LOPES,

     Plaintiff,

  v

JO ANNE B BARNHARDT,
Commissioner of Social Security

     Defendant.
_____/

No C 04-5379 VRW

ORDER

This court entered an order on December 29, 2005 granting the defendant's motion for summary judgment and denying the plaintiff's motion for summary judgment. Doc # 14. Judgment was then entered in favor of defendant. Doc # 15.

Plaintiff's motion to alter or amend, filed January 12, 2006 (Doc # 16), seeks further judicial review of the court's order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On this motion the plaintiff contends the court erred because: (1) "this court impliedly affirmed ALJ Lazuran's determination that because the court did not find jurisdiction, ALJ Lazuran did not have jurisdiction. The court made no such ruling binding ALJ Lazuran from reopening the ALJ Ball decision," and (2) "the

//

1  administrative record from page number 425 to 623 is entirely new
2  as to facts and allegations by plaintiff."

3       A party may seek to challenge an order granting summary
4  judgment through reconsideration under FRCP 59(e).  Reconsideration
5  of an order is deemed appropriate only where:  (1) newly discovered
6  evidence is presented to the court, (2) the summary judgment was
7  manifestly unjust or a clear error was committed, or (3) an
8  intervening change in controlling law is present.  Schwarzer, et
9  al, ch 12-17 *California Practice Guide Federal Civil Procedure
10 Before Trial* § 14:362 (The Rutter Group 2006).  The court may
11 refuse to consider evidence that was available prior to summary
12 judgment or previously raised in opposition to summary judgment.
13 Backlund v Barnhart, 778 F2d 1386, 1388 (9th Cir 1985); Novato Fire
14 Protection Dist v United States, 181 F3d 1135, 1142, n 6 (9th Cir
15 1999).

16      This court's Civil Local Rule 7-9(c), which governs
17 motions for reconsideration brought before the entry of judgment,
18 is in accord:  it similarly prohibits the repetition of previously-
19 made arguments and reliance on previously submitted evidence and,
20 moreover, requires the moving party to seek prior leave of court
21 before filing such motion.  To obtain such leave, the moving party
22 must pass the stringent test of establishing:  (1) the existence of
23 a material difference in fact or law * * * that in exercise of
24 reasonable diligence the party * * * did not know such fact or law
25 at the time of the interlocutory order, (2) the emergence of new
26 material facts or a change of law occurring after the time of such
27 order, or (3) a manifest failure by the court to consider material
28 facts * * * which were presented * * * before such order.

**2**

In summary, a party disappointed in the outcome of a motion may not simply return to the court seeking a different result without presenting, for good cause shown, different facts and/or law.  That is what plaintiff has done on this motion.

Plaintiff's first argument is merely a rehash of arguments made in its summary judgment papers and is not properly presented to the court on a FRCP 59(e) motion under the authorities stated above. The illogical assertion in plaintiff's second argument that evidence in the administrative record was "new" within the meaning of <u>Backlund</u> and related authorities, is without merit:  the evidence in question was included in the administrative record and was before the court at the time the cross motions for summary judgment were adjudicated.  Accordingly, plaintiff has presented no new evidence in support of its motion.

Plaintiff's motion under FRCP 59(e) is DENIED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge